## J. E. Gregory et al. v. Rebecca M. Keller.

SALE—*what not included in.* A sale of a building "including vault, safe, stationery and all bank fixtures contained therein," does not include revenue stamps the use of which was no longer required by law.

Assumpsit. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

LeForgee & Vail, for appellants.

Redmon & Hogan, for appellee.

Mr. Justice Ramsay delivered the opinion of the court.

D. P. Keller, owned a bank in Moweaqua, Illinois, known as the Commercial Bank, the management and control of which was assumed by his widow, the appellee, as owner thereof, upon the death of said Keller, prior to September 8, 1902. On that date appellee sold to appellants the bank building together with the vault, safe, stationery and bank fixtures and executed a warranty deed therefor. No bill of sale was made by appellee, separate and distinct from the deed aforesaid, so that what personal effects, if any, passed by the terms of said sale from appellee to appellants depended wholly upon a parol agreement between the parties and upon the terms of said deed. Prior to the death of said D. P. Keller he had forwarded to Levey Bros. & Co., of Indianapolis, a number of checks and certificates of deposit on which there were printed revenue stamps, the value of which Levey Bros. & Co. had agreed to collect from the government and remit the proceeds thereof to Keller. This collection was outstanding at the time of the sale by appellee to appellants and was afterward made by Levey Bros. & Co., and remitted to appellants who claimed to be the owners thereof under their purchase from appellee. Suit was brought by appellee to recover the amount received by appellants on account of such collection, a trial had before the court without a jury, and judgment rendered in favor of appellee in the sum of $142.50, from which Gregory et al. appealed.

The question to determine is whether or not in the sale made by appellee to appellants she sold the revenue stamps, or the claim therefor, that D. P. Keller, prior to his death, had forwarded to Levey Bros. & Co., for collection. This question is almost wholly

one of fact and one that so far as the alleged parol agreement is concerned, demands but little discussion, beyond the statement that being substantially a question of fact alone, the finding therein by the trial court, who saw and heard the witnesses, will not be disturbed unless it is manifestly against the weight of the evidence. A careful review of the whole evidence satisfies us that the holding of the trial court upon this feature of the case was fully warranted.

There was no error in the finding by the court that the claim involved did not pass to appellants by virtue of any of the provisions in the deed made to them by appellee. The deed by its terms conveyed the bank building by proper description, ''including vault safe, stationery and all bank fixtures contained therein.'' The claim is made by appellants that the term ''stationery'' employed in the deed properly embraces the claim for the stamps involved, but this claim seems to us unsound.

Webster defines the term ''stationery'' to mean: ''The articles usually sold by stationers, as paper, ink, pens, etc.'' The Standard dictionary defines the term ''stationery'' to mean: ''Writing materials in general, including paper, envelopes, blank books, pens, ink, etc., a term of somewhat indefinite extent, sometimes restricted to note paper and envelopes.'' There is no authority for saying that the term ''stationery'' includes stamps of any kind.

Furthermore, at the time of the sale in 1902, the law requiring the use of such revenue stamps had been repealed and in the absence of such a claim the parties would not be presumed to have contemplated the sale of stamps no longer in use.

It is not claimed by appellants that at the time of the purchase by them of the bank fixtures, etc., they knew anything whatever of the existence of the debt from Levey Bros. & Co. to Keller, or that they paid anything therefor, or took the same into account in

any manner or form in making the purchase. Appellants were to pay and did pay $10,000 for the bank building, the premises in which it stood and the good will of the business, together with the vault, safe, stationery and fixtures. The claim sued for was not taken into account in the making of the sale, and under the evidence was properly held not to have passed to appellants, either by the terms of the deed or by virtue of the parol agreement.

The judgment of the trial court was right and is affirmed.

*Affirmed.*